THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHRISTINE S. BAUTISTA (Cal. SBN Pending)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 W. Fourth Street, Ste. 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3542
    Facsimile: (714) 338-3561
    Email: Christine.Bautista2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 06-860(A)-R |
|                 Plaintiff, ) | |
|                 v. ) | <u>ORDER DENYING DEFENDANT'S</u><br><u>MOTION FOR NEW TRIAL</u> |
| HENRY LEE MONDAY, ) | |
|                 Defendant. ) | |

<u>Background</u>

On November 29, 2007, defendant Henry Lee Monday was convicted of violating 18 U.S.C. § 1709 following a jury trial on the one-count first superseding indictment charging him with stealing, abstracting, and removing money from a letter, which had come into his possession when he was a United States Postal Service letter carrier.

On December 7, 2007, this Court granted defendant's application for extension of time for filing a motion for new trial.

On December 31, 2007, defendant moved for a new trial claiming that he was not afforded a meaningful opportunity to present a complete defense in violation of his constitutional rights. Defendant argued that 18 U.S.C. § 1709 is a specific intent crime. Accordingly, defendant claimed that he should have been able to present evidence concerning his lack of specific intent to permanently deprive the owner of the money he stole from the mail when he was a letter carrier for the United States Postal Service.

In order to prove this lack of specific intent, defendant proffered evidence of violence he witnessed on his mail route and its emotional effect on him. Defendant argued that this evidence would have established that he only stole the money to get the attention of United States Postal Inspectors ("Inspectors") who were conducting surveillance of him when the crime took place. Defendant further argued that this evidence would have shown his intent to return the money to the Inspectors, and that this Court's exclusion of the evidence as irrelevant was erroneous and grounds for a new trial.

On January 14, 2008, the government filed an opposition to defendant's new trial motion. In its opposition, the government argued that (1) under 18 U.S.C. § 1709, stealing, abstracting, or removing any article from a letter intended to be conveyed by mail by a postal employee, is not a specific intent crime; (2) defendant's proposed defense was not relevant to the elements of the charged offense; and (3) even if the proposed defense were relevant, the jury heard the theory of the defense and rejected it by convicting defendant.

Legal Standard and Ruling

A motion for a new trial is governed by Federal Rule of Criminal Procedure 33. This Court can grant the motion if the "interest of justice so require." Fed. R. Crim. Proc. 33. A new trial under Rule 33 "should be granted only in exceptional cases in which the evidence preponderates highly against the verdict." U.S. v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981).

Having considered the moving and opposition papers, exhibits attached thereto, including the trial transcript, and the arguments of counsel at the March 3, 2008 hearing, the Court hereby DENIES defendant's motion for a new trial. The Court finds that the interest of justice does not require a new trial and that this is not an exceptional case in which the evidence preponderates highly against the jury's verdict. The Court DENIES defendant's motion based upon the following specific findings.

Findings

1. Defendant was not charged with a specific intent crime. The offense charged under 18 U.S.C. § 1709 does not require a showing that defendant removed money from the mail with the intent to permanently deprive the owner of this property.

2. Section 1709 applies only to postal officers and employees. 18 U.S.C. § 1709. As a postal employee, defendant was in a position of trust. U.S. v. Cuff, 999 F.2d 1396 (9th Cir. 1993); U.S. v. Ajiboye, 961 F.2d 892 (9th Cir. 1992). The plain language of 18 U.S.C. § 1709 makes it a federal crime for any postal employee to steal, abstract, or remove from any letter which comes into his possession intended to be conveyed by

mail, any article or thing contained therein.  18 U.S.C. § 1709.

3.  Under Federal Rule of Evidence 402, the evidence proffered by defendant regarding defendant's emotional health, the violence on his mail route, and his intent to return the money he removed from the letter was not relevant to proving or negating the elements of 18 U.S.C. § 1709.  Fed. R. Evid. 402; Ninth Circuit Model Criminal Jury Instruction No. 8.116 (2007).  In addition, under Federal Rule of Evidence 403, the probative value of this evidence was greatly outweighed by the danger of confusing the issues and misleading the jury.  Fed. R. Evid. 403.

4.  Defendant had a fair opportunity to present his defense at trial.  During trial, defendant presented argument and evidence concerning his lack of intent to steal the money, his intent to return the money, and the dangerous conditions of his mail route which affected him emotionally.  Furthermore, it was undisputed that defendant opened a letter he was responsible for delivering, removed money from therein, and spent some of the money for personal use before he was apprehended by Inspectors.

5.  Alternatively, even if defendant was charged with a specific intent crime, it is clear beyond a reasonable doubt that the jury would have found that defendant removed money from the mail with the specific intent to permanently deprive the owner of this property based upon the overwhelming and undisputed evidence that defendant immediately spent some of the stolen money to purchase snacks.

6.  Furthermore, the evidence proffered by defendant is irrelevant because the felonious intent of "embezzlement" consists of the "intent to appropriate or convert the property of

the owner." U.S. v. Anderson, 850 F.2d 563, 565 (9th Cir. 1988). Thus, "the simultaneous intent to return the property or to make restitution does not make the offense any less embezzlement." Id.; see also U.S. v. Ross, 206 F.3d 896, 899 (9th Cir. 2000).

7.  Whether "embezzlement" of mail by a postal employee in violation of 18 U.S.C. § 1709 is a specific intent crime is not an issue before this Court.  Defendant was not charged with embezzling mail under Section 1709.

8.  Neither was defendant charged with violating 18 U.S.C. § 641.  Therefore, the elements of Section 641 do not apply to this case.

IT IS HEREBY ORDERED.

Dated: This 21st day of March, 2008.

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
CHRISTINE S. BAUTISTA
Assistant United States Attorney